UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>         PLAINTIFF<br><br>v.<br><br>WABASH NATIONAL CORPORATION,<br>         DEFENDANT. | Civil Action No. 5:24-cv-148-BJB<br><br><br><br>COMPLAINT AND JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), Title I of the Civil Rights Act of 1991, Title I of the Americans with Disabilities Act ("ADA"), and the Pregnant Workers Fairness Act ("PWFA") to correct unlawful employment practices because of pregnancy and to provide appropriate relief to Charging Party, Hayley Knight.

As alleged below, the Equal Employment Opportunity Commission alleges that Defendant Wabash National Corporation ("Wabash") violated Title VII, the ADA, and the PWFA by failing to accommodate Knight's pregnancy-related limitations, by subjecting her to an impermissible medical inquiry, and by treating her less favorably than similarly situated, nonpregnant workers.

1

## JURISDICTION AND VENUE

1. This Court's jurisdiction is invoked under 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted under Section 107(a) of the Americans with Disabilities Act of 1990 and Section 104(a) of the Pregnant Workers Fairness Act, which incorporate by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and under Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Kentucky, Paducah Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, the ADA, and the PWFA, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, Wabash National Corporation ("Wabash" or "Defendant Employer"), a Delaware corporation, has continuously been

doing business in the State of Kentucky and the City of Cadiz and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Charging Party Hayley Knight filed a charge with the Commission alleging violations of Title VII, the ADA, and the PWFA by Wabash.

7. On June 4, 2024, the Commission issued to Defendant Wabash a Letter of Determination finding reasonable cause to believe that Title VII, the ADA, and the PWFA were violated and inviting Wabash to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant Wabash to secure a conciliation agreement.

9. On June 17, 2024, the Commission issued to Defendant Wabash a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. Since at least October 2023, Wabash has engaged in unlawful employment practices at its Cadiz, Kentucky, facility in violation of the PWFA, Title VII, and ADA. Specifically, Wabash failed to accommodate Knight's known pregnancy-related limitation and forced her to take unpaid leave after she requested an accommodation, which interfered with the exercise of her PWFA rights. Wabash further failed to accommodate Knight on the same terms as non-pregnant employees with similar limitations and subjected Knight to an unlawful medical inquiry.

12. The unlawful employment practices alleged in this complaint were intentional.

13. The unlawful employment practices alleged in this complaint were done with malice or with reckless indifference to Knight's federally protected rights.

### Violations of the Pregnant Workers Fairness Act

14. At all relevant times, Hayley Knight was a qualified individual under Section 102(6) of the PWFA, 42 U.S.C. § 2000gg(6).

15. Knight worked as an assembler at Wabash's Cadiz, Kentucky, facility from March through October 2023, where she performed several positions assembling semi-trailers and other commercial trucking equipment.

4

16. In October 2023, Knight was a "front plate" assembler. In this position, Knight installed wiring in trailers which required her to bend over the tops of trailers.

17. On or around October 24, 2023, Knight, then seven-months pregnant, told Wabash's human resources representatives that her pregnant stomach made bending over trailers painful. Because of this discomfort and her concerns that constant pressure on her stomach would jeopardize her otherwise healthy pregnancy, Knight asked to be moved from the front-plate position to another assembly-line position, to move to a light-duty position for the rest of her pregnancy, or to have her limitation accommodated in some other way.

18. Once notified that Knight sought an accommodation for a pregnancy-related limitation, Wabash failed to accommodate her.

19. Wabash refused to consider Knight's requests: (a) to switch positions with a coworker in a different part of the assembly line, despite the availability of coworkers willing to switch positions with Knight and Knight's ability to perform other assembly duties; or (b) for a light-duty assignment, despite Wabash's use of light-duty roles to accommodate disability- and workplace-related injuries and despite her ability to perform most light-duty positions.

20. Wabash also failed to engage in the interactive process with Knight to explore the possible accommodations she suggested or other potential accommodations.

21. Wabash does not maintain a formal light-duty program. It houses light duty roles under the umbrella "Material Handler." Material handlers perform a range of duties, including but not limited to administrative work, inventory management, workspace housekeeping, and assembly assistance.

22. Knight was able to perform any administrative tasks like inventory management, order processing, or workspace maintenance supervision. She also could have performed any assembly line tasks that did not require extensive bending or lying on her stomach.

23. Instead of assessing Knight's individual needs, Wabash responded to Knight's request by immediately placing her on unpaid leave and requesting that her physician complete an ADA questionnaire designed to elicit information about disabilities and disability-related impairments.

24. Placing Knight on leave without engaging in the interactive process constituted a forced accommodation in violation of the PWFA, 42 U.S.C. § 2000gg-1(2).

25. Placing Knight on leave despite the availability of other accommodations constituted forced leave in violation of the PWFA, 42 U.S.C. § 2000gg-1(4).

26. Under these circumstances, immediate placement on unpaid leave would tend to deter seeking an accommodation under the PWFA, thus interfering with

Knight's exercise of her PWFA rights in violation of the PWFA, 42 U.S.C. § 2000gg-2(f)(2).

27. Because Knight's physical limitation arose from pregnancy, not disability, Knight returned the ADA questionnaire with her physician's notation that she had no ADA restrictions.

28. Based on the absence of a disability, Wabash told Knight that it could not accommodate her limitations. It only gave her the option to return to the front-plate position without modification.

29. Knight or her representative told Wabash that her accommodation request was made under the Pregnant Workers Fairness Act. Wabash nonetheless refused to discuss the availability of accommodations outside of the disability context.

30. Based on Wabash's refusal to discuss any accommodation responsive to Knight's limitation, Knight resigned based on her belief that she could not continue in the front-plate position without risking the health of her pregnancy.

31. Under these circumstances, forcing Knight to take unpaid leave, refusing to discuss alternative accommodations, and ultimately giving her the lone option to return to the front-plate position without modification constituted both an unlawful denial of an accommodation in violation of 42 U.S.C. § 2000gg-1(1) and an adverse action for requesting an accommodation in violation of 42 U.S.C. § 2000gg-1(5).

## Violation of Title VII

32. Wabash's denial of an accommodation for Knight's pregnancy-related limitation resulted in Knight's being treated less favorably than her non-pregnant counterparts similar in their ability or inability to work.

33. This disparate treatment constitutes sex discrimination based on pregnancy in violation of Title VII, 42 U.S.C. § 2000e-2(a)(1).

34. Wabash accommodates non-pregnant assemblers with disability-related and workplace related limitations, including but not limited to bending restrictions like Knight's, with position swaps, modified duties, and light duty roles under the "Material Handler" position.

35. Wabash denied Knight the same accommodations that it provides disabled, temporarily disabled, and injured, non-pregnant workers.

## Violation of the ADA

36. Despite notice that Knight's accommodation need was based on stomach distension caused by pregnancy, Wabash required Knight to submit ADA paperwork.

37. The ADA questionnaire seeks disability-related information, including the nature of any disabilities and the restrictions they impose. For example, the questionnaire asks "[d]oes the patient have a physical or mental impairment. . .?"; "[d]oes the impairment limit the patient's major life activities?"; and, if yes, asks the physician to "identify any major life activities limited by the patient's impairment." As

8

Wabash knew or should have known, this information was not necessary to evaluate Knight's request or for Wabash's business purposes.

38. Requiring disability-related information under these circumstances constituted an impermissible medical inquiry in violation of 42 U.S.C. § 12112(d)(4)(A).

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Wabash its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from denying reasonable accommodations for its pregnant workers with known pregnancy-related limitations.

B. Grant a permanent injunction enjoining Defendant Wabash its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from failing to engage in the interactive process to evaluate pregnancy-related accommodation requests.

C. Grant a permanent injunction enjoining Defendant Wabash its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from requiring employees with pregnancy-related limitations to take a forced accommodation, including but not limited to unpaid leave.

D. Grant a permanent injunction enjoining Defendant Wabash its officers, agents, servants, employees, attorneys, and all persons in active concert or

participation with it, from interfering with employees' exercise of their rights under the Pregnant Workers Fairness Act.

  E. Grant a permanent injunction enjoining Defendant Wabash its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in pregnancy discrimination, including pregnancy-discriminatory accommodation refusals and disparate treatment in the evaluation of pregnancy-related accommodation requests.

  F. Grant a permanent injunction enjoining Defendant Wabash its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from seeking disability-related information from its employees that is not job-related or consistent with business necessity.

  G. Order Defendant Wabash to institute and carry out policies, practices, and programs which provide equal employment opportunities for pregnant workers, and which eradicate the effects of its past and present unlawful employment practices.

  H. Order Defendant Wabash to make Knight whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to training requirements, notice posting, and policy revisions.

I. Order Defendant Wabash to make Knight whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the preceding paragraphs, including but not limited to debt incurred to pay living expenses, in amounts to be determined at trial.

E. Order Defendant Wabash to make Knight whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in the preceding paragraphs, including but not limited to emotional distress, humiliation, and loss of enjoyment of life, in amounts to be determined at trial.

F. Order Defendant Wabash National Corporation to pay punitive damages for its malicious and reckless conduct, as described in the preceding paragraphs, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

KARLA GILBRIDE

11

General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

KENNETH L. BIRD
Regional Attorney

<u>/s/ *Kathleen Bensberg*</u>_____
Kathleen Bensberg
(IN No. 35437-49)
Trial Attorney
Indianapolis District Office
115 W Washington St
S Tower Ste 600
Indianapolis, IN 46204
Tel.: 463-999-1196
Kathleen.bensberg@eeoc.gov