UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) Civil No. 5:24-cv-00148-BJB-LLK ) |
| v. | ) ) ) |
| WABASH NATIONAL CORP., | ) ) |
| Defendant. | ) ) ) |

### March 6, 2025, Joint Status Report

Pursuant to the Scheduling Order entered on January 15, 2025 (ECF No. 15), Plaintiff, Equal Employment Opportunity Commission ("EEOC"), and Defendant, Wabash National Corporation ("Wabash"), submit this joint status report detailing the progress made in this case during the preceding 60 days and the parties' positions on mediation.

I. Discovery

On January 8, 2025, the EEOC produced responses to Wabash's First Set of Interrogatories and Requests for Production. In response to deficiencies Wabash asserted in the EEOC's responses, the EEOC produced supplemental responses to Wabash's first set of discovery requests on February 7, 2025. On February 28, 2025, Wabash sent another email to the EEOC identifying several alleged deficiencies still outstanding, as well as other matters of concern. These alleged deficiencies include 1) the purported "auto-deletion" by Charging Party of text messages; 2) the EEOC's refusal to identify the names of Charging Party's medical providers, despite

her claim of medical "limitations" relating to her pregnancy and request for emotional distress damages (two motions are pending regarding discovery of Charging Party's medical providers and records, see below); 3) the EEOC's failure to produce Charging Party's social media records; and 4) the EEOC's failure to provide a calculation of alleged damages.

On February 14, 2025, Wabash produced its responses to the EEOC's First Set of Interrogatories and Requests for Production. In response to deficiencies the EEOC asserted in Wabash's responses, Wabash produced supplemental responses to the EEOC's first set of discovery requests on February 28, 2025. The EEOC is reviewing Wabash's February 28 correspondence and anticipates further need to meet and confer. The EEOC contends that, among other things, Wabash did not timely object to the Commission's designated form of production, nor did Wabash state in advance what alternative form of production it intended to use, as required by Rule 34(b)(2)(D). The EEOC additionally contends that Wabash's productions are not in a reasonably usable form, but have instead been combined into single PDF files without metadata intact.

On January 31, 2025, Wabash notified the EEOC of its intent to serve, and did serve, eight third-party subpoenas seeking: (1) personnel records from Ms. Knight's prior employers and prospective employers; and (2) Ms. Knight's records from Women's Health of Murray, Ms. Knight's provider for OB/GYN care. On February 27, 2025, the EEOC filed a Motion for Protective Order seeking to prevent Wabash from using the records it received from Women's Health of Murray.

Wabash is preparing its Response in Opposition, which will be timely filed on or before March 20, 2025.

On February 26, 2025, Wabash notified the EEOC of its intent to serve four additional third-party subpoenas on Ms. Knight's medical providers and pharmacies. The EEOC stated its objection to these subpoenas, and, at the EEOC's request, Wabash agreed to hold service of the subpoenas in abeyance pending the Court's determination on the EEOC's Motion to Quash.

<u>Depositions:</u>

On January 24, 2025, Wabash requested dates to depose Charging Party Hayley Knight. On February 7, 2025, the EEOC responded that Ms. Knight was available for deposition the week of March 24.

The EEOC anticipates that, in the next 30 days, it will notice the depositions of Wabash employees Chelsea Miller and Joe Crawford.

Wabash now seeks to postpone depositions until the parties have resolved the instant discovery disputes and motions.

## II.  Motions

On February 27, 2025, the EEOC filed a Motion for Protective Order regarding the records produced in response to Wabash's subpoena to Women's Health of Murray. (ECF No. 18.) Wabash's response to that motion is to be filed by March 20, 2025.

On March 5, 2025, the EEOC filed its Motion to Quash Third-Party Subpoenas to four other entities holding Ms. Knight's medical and pharmaceutical

records that Wabash intends to serve. (ECF No. 20.) Wabash intends to oppose the Motion, and will file its response in accordance with applicable deadlines.

### III.   Settlement/Parties' Positions on Mediation

The parties have begun settlement discussions. The EEOC provided its initial demand and proposed consent decree. Wabash provided a counteroffer. The EEOC is preparing a response to Wabash's counteroffer.  On January 6, 2025, during the Rule 16 Case Management Conference, the EEOC stated that it would provide Wabash with a counteroffer in advance of this Status Conference, but due to changed circumstances the EEOC's counteroffer will not be delivered until some time after the Status Conference.

The EEOC believes that a court-facilitated settlement conference may be helpful in resolving this matter.

Wabash cannot evaluate whether a court-facilitated settlement conference would be helpful until it receives the EEOC's counteroffer.  Wabash maintains that any settlement conference should occur after Charging Party has been deposed. The Commission does not object to conducting depositions before a settlement conference.

Respectfully submitted,

s/ Jonathan P. Bryant
Jonathan P. Bryant, Atty. No. 24112-49

EQUAL EMPLOYMENT
  OPPORTUNITY COMMISSION
115 West Washington Street

South Tower Suite 600
Indianapolis IN 46204
Phone: (463) 999-1154
Email: jonathan.bryant@eeoc.gov
*Counsel for EEOC*

/s/ Jennifer L. Bame
Jennifer L. Bame
jbame@fbtlaw.com
Haley S. Crum
hcrum@fbtlaw.com
FROST BROWN TODD LLP
400 West Market Street, 32nd Floor
Louisville, KY 40202-3363
Telephone: (502) 589-5400
Facsimile: (502) 581-1087
*Counsel for Defendant*

0114742.0795746   4937-6326-6340v1