UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
Case No. 5:24-cv-00148-BJB-LLK

**EQUAL EMPLOYMENT**                                                **PLAINTIFF**
**OPPORTUNITY COMMISSION,**

v.

**WABASH NATIONAL**                                                 **DEFENDANT**
**CORPORATION,**

**OPINION AND ORDER**

This matter has been referred to Magistrate Judge Lanny King to hear and determine all pretrial matters. [DN 8]. Before the Court is Plaintiff's Motion for Protective Order. Motion [DN 35]. Defendant Wabash National Corporation responded, Response [DN 37], and the time to request leave to reply has passed. The matter being ripe for review, the Court **GRANTS** in part and **DENIES** in part the Motion for Protective Order, Motion [DN 35], consistent with the below.

**I.    Background**

The EEOC alleges that Defendant Wabash failed to make reasonable accommodations for Hayley Knight's pregnancy-related limitations when she worked as a front-plate assembler at Wabash. Complaint [DN 1]. Knight was forced to go on unpaid leave because she couldn't continue to perform her work-related duties without modification. Wabash is charged with violating the Civil Rights Act, Americans with Disabilities Act, and Pregnant Workers Fairness Act. The EEOC argues that it has "produced Hayley Knight's discoverable social media, text messages, and other electronically stored information." EEOC's Memorandum in Support ("EEOC Memo") [DN 35-5] at 6. It is unclear whether all discoverable social media, text

1

messages, and other ESI have been produced. Ms. Knight (inadvertently) deleted text messages from her cell phone during the relevant time period. [DN 37-4] at 4 (EEOC objection to discovery request, stating that "Ms. Knight's cell phone automatically delete[d] text messages on a rolling basis"). She also appears to have deleted one of her several social media accounts in December 2024, over a year after filing her EEOC charge. *See* Response at 5; [DN 37-6].

The EEOC produced records to supplement the gap in Ms. Knight's ESI history. *See, e.g,* [DN 37-10] at 3 (agreeing to produce relevant communications) ("[T]he messages deleted by operation of her device's automatic setting—an exchange with one person, her partner and the father of her child—are available from her partner's device. We are working to collect relevant, responsive text messages.") This supplementation appears to have occurred via voluntary compliance from the non-parties, *see* EEOC Memo at 2, 10 (describing search terms and methodology applied to Hayley's ESI but not specifically describing what process was used on the non-parties' devices), and Wabash argues that they should be able to verify completeness via an enforceable, legal obligation. Response at 13. The EEOC seems to concede that some outstanding, relevant communications may still exist. *See* [DN 37-12] at 2 ("Wabash National has already received the most relevant information" because the EEOC reviewed and produced "Hayley's sources of ESI.")

Following lengthy efforts to resolve their disputes, Wabash subpoenaed Knight's mother (Crystal Knight), father (Larry Knight), and partner (Tevin Gregory), seeking a wide range of social media, text messages, and other electronic information relating to Knight's allegations. The EEOC opposes this discovery, arguing that it is overly burdensome on non-parties, duplicative of information that Knight has already produced, and covered by the marital-communication privilege (as to communications between Knight's parents).

2

## II.     <u>Legal Standard</u>

District courts have broad discretion over docket control and the discovery process. *See In re Air Crash Disaster*, 86 F.3d 498, 516 (6th Cir. 1996). "It is well established that the scope of discovery is within the sound discretion of the trial court." *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993) (citation omitted).

Rule 26(b) of the Federal Rules of Civil Procedure allows a party to obtain any "nonprivileged matter that is relevant to any party's claim or defense...." Fed. R. Civ. P. 26(b)(1). The discovery "need not be admissible evidence to be discoverable." *Id.* This language is broadly construed to "encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense." *Veritiv Operating Company*, 2023 WL 2975868, at *6 (internal citations omitted). However, the scope of discovery has limits. "On motion or on its own, the court must limit the frequency or extent of discovery ... if it determines that ... the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).

Courts in this district "'have held that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26.'" *Barnett-Morgan v. Inverness Techs., Inc.*, No. 3:22-CV-00301-DJH-CHL, 2024 WL 3585138, at *2 (W.D. Ky. July 30, 2024) (quoting *Hendricks v. Total Quality Logistics*, 275 F.R.D. 251, 253 (S.D. Ohio 2011)). "The Court must quash any subpoena that imposes an undue burden or expense on the person subject to the subpoena, fails to allow reasonable time to comply, requires compliance beyond the geographic

3

limits of Rule 45, or requires disclosure of privileged or other protected matter, if no exception or waiver applies.'" *Id.* (citing Fed. R. Civ. P. 45(d)(1), (d)(3)(A)(i)-(iv)).

Other than the showing required by Fed. R. Civ. P. 45(d)(3)(C), which relates to special conditions when trade secrets or expert opinions are requested, the "'party seeking to quash a subpoena bears the ultimate burden of proof.'" *Id.* "Nevertheless, the party who issued the subpoena has the burden of 'establishing a need for the breadth of the information sought in response to a non-party's *prima facie* showing that the discovery would be burdensome.'" *In re CareSource Mgmt. Grp. Co.*, 289 F.R.D. 251, 253 (S.D. Ohio 2013) (quoting *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 423–24 (Fed.Cir.1993)); *Wendy's Netherlands B.V. v. Levy*, No. 2:24-CV-3077, 2025 WL 1836325, at *6 (S.D. Ohio Apr. 11, 2025). Where "'discovery is sought from a non-party, the Court should be particularly sensitive to weighing the probative value of the information sought against the burden of production on the non-party.'" *Med. Ctr. at Elizabeth Place, LLC v. Premier Health Partners*, 294 F.R.D. 87, 92 (S.D. Ohio 2013) (quoting *Universal Delaware v. Comidata Network,* No. 3:10mc104, 2011 WL 1085180, at *2–3, 2011 U.S. Dist. LEXIS 28963, at *7 (M.D.Tenn. Mar. 21, 2011)).

"[A] motion for a protective order is available to 'a party or any person from whom discovery is sought.'" *Proto Gage, Inc. v. Fed. Ins. Co., Inc.*, No. 21-12286, 2022 WL 1598621, at *3 (E.D. Mich. May 19, 2022) (citing Fed. R. Civ. P. 26(c)(1)). "Courts in the Sixth Circuit have interpreted the mention of 'a party' as allowing parties to file a motion for a protective order for a non-party." *Id.* (citing *Fleet Bus. Credit Corp. v. Hill City Oil Co., Inc.*, No. 01-2417-GV, 2002 WL 1483879, at *2 (W.D. Tenn. Jun. 26, 2002)) ("Many district courts have acknowledged this aspect of the rule which allows a party to file a motion for protective order on behalf of a non-party"); *Schweinfurth v. Motorola, Inc.*, No. 1:05CV024, 2008 WL 4981380, at

4

\*2 ("Courts within the Sixth Circuit have held that discovery need not be sought from a party in order for a party to have standing to challenge subpoenas served on non-parties.") (cleaned up); *Diamond Resorts Int'l, Inc. v. Phillips*, 2018 WL 4328257 at \*2 (M.D. Tenn. July 16, 2018).

### III. Analysis

Wabash provides limited argument for why the EEOC lacks standing to challenge the non-party subpoenas, *see, e.g.,* Response at 16 (arguing that the EEOC lacks a privacy interest sufficient to quash a subpoena under Rule 45), and the Court finds that the EEOC has standing to move for a protective order under Rule 26. *See supra* page 3; *Diamond Resorts Int'l,* 2018 WL 4328257 at \*2 (Even "where a party's standing may fall short to quash a subpoena under Rule 45, Rule 26(c) affords parties the ability to move for a protective order on a third party's behalf.") (internal quotations and citations omitted).

While the Court must be "particularly sensitive" to the burdens associated with non-party production, *Med. Ctr. at Elizabeth Place*, 294 F.R.D. at 9, there must first be "a *prima facie* showing that the discovery would be burdensome.'" *In re CareSource Mgmt. Grp.*, 289 F.R.D. at 253.

Wabash's ten Requests for Production seek records from Crystal Knight, Larry Knight, and Tevin Gregory relating to:

1. Hayley Knight's employment with and resignation from Wabash;
2. Hayley Knight's job duties throughout her employment at Wabash;
3. Hayley Knight's request to change her job duties at Wabash;
4. Any alleged limitations experienced by Hayley Knight relating to her pregnancy;

5

5. Hayley Knight's effort to obtain new employment, or her decision to decline or avoid new employment, after her resignation from Wabash;

6. Hayley Knight's EEOC Charge and instant lawsuit against Wabash;

7. Any communications with the EEOC;

8. Any money or other damages sought by Hayley Knight in her lawsuit against Wabash;

9. Any alleged emotional distress experienced by Haley Knight;

10. Hayley Knight's legal claims against Wabash.

Non-party Subpoenas [DNs 35-1, 2, & 3] at 5.

i. <u>Relevance</u>

Considering the claims in dispute, the Requests mostly appear to seek information concerning the allegations in the EEOC complaint, and the EEOC primarily argues that the discovery may only be of limited relevance. *See* [DN 37-12] at 2 ("Wabash National has already received the *most relevant information*" because the EEOC "reviewed Hayley's sources of ESI.") (emphasis added). More particularly, they argue that Hayley Knight's financial motive in filing her EEOC charge is irrelevant. *See* EEOC Memo at 7; *T.C on Behalf of S.C. v. Metro. Gov't of Nashville & Davidson Cnty., Tennessee*, No. 3:17-CV-01098, 2018 WL 3348728, at *13 (M.D. Tenn. July 9, 2018) (addressing argument that financial status is relevant to motivation in filing suit) ("It is well-established that in ordinary litigation the plaintiff's motive in bringing suit is not relevant to the subject matter of the litigation and is not a matter for discovery.") (internal quotation marks and citation omitted) (cleaned up).

Request Number Eight, regarding "[a]ny money or other damages sought by Hayley Knight in her lawsuit against Wabash," Non-party Subpoenas at 5, is at best marginally relevant,

6

and Wabash has not rebutted the presumption against discovery into financial motive for filing suit. *T.C on Behalf of S.C.*, 2018 WL 3348728, at *13. Wabash argues that discovery is necessary to investigate Hayley's "motive for making certain representations, for resigning her employment rather than updating her medical paperwork, and for declining reinstatement[.]" Response at 8. But Request Numbers One and Five involve Hayley Knight's resignation from Wabash and decisions regarding other potential employment. So especially in the context of non-party discovery, Request Number Eight should be prohibited. The Motion is therefore **GRANTED** as to Request Number Eight.

    ii.    <u>Undue Burden and Disproportionality</u>

The crux of the EEOC's briefing rests on undue burden or disproportionality and is well-taken. The EEOC argues that, unlike the named parties (and charging party) in this matter, the non-parties do not have technology tools at their disposal that would aid in the search and production of electronic information, such as text messages and social media. EEOC Memo at 12. The Commission provides no authority for finding that this particular burden—while more burdensome than it would be on parties with access to sophisticated discovery tools— standing alone, constitutes an undue burden. Searching for and producing relevant information is an ordinary part of the discovery process, and "a party's mere statement that a request for production is overly broad, burdensome, oppressive [or] irrelevant is not adequate to voice a successful objection." *Robinson v. Postmaster Gen. of United States*, No. 23-3863, 2025 WL 48235, at *2 (6th Cir. Jan. 8, 2025) (quotations omitted) (collecting cases).

But more particularly, the EEOC takes issue with the expansive nature of the requests, EEOC Memo at 8-9, including requests for records in the non-parties' "constructive" possession:

> "Documents" means anything on or in which any information is fixed and can be perceived, reproduced or otherwise communicated, with or without the aid of any

>   machine or device, including, but not limited to writings, contracts, email (whether printed out or still retained on computer memory/ and or storage devices), text messages, social media messages, chats, computer generated items and/or other electronic documents or information, and any nonidentical copy, whether different from the original because of formal or informal stamp or writing made upon such copy. "Documents" include any items, regardless of where located, in the actual or constructive possession, custody or control of the witness and any items, regardless of where located, produced or generated by, known to or seen by the witness but not now in his possession, custody or control.

Non-party Subpoenas at 4.

The requests also seek "[a]ll audio records, video recordings, documents, and communications including, but not limited to, text messages, emails, social media messages, chats, photos, writings, notes, files, and all other types of social media communication platforms." *Id.* at 5. The Court finds that, even if they were served on represented parties with sophisticated discovery tools, these instructions are unclear, improper, overreaching, and unduly burdensome. *Alvey v. State Farm Fire & Cas. Co.*, No. 517CV00023TBRLLK, 2018 WL 826379, at *7 (W.D. Ky. Feb. 9, 2018) (open-ended discovery requests improper); *United States v. Quicken Loans, Inc.*, No. 16-CV-14050, 2018 WL 7351682, at *1 (E.D. Mich. June 5, 2018) (Document requests should "not call on the producing party to engage in a subjective guessing game of whether a document is responsive.")

Plaintiffs have met their *prima facia* burden of demonstrating that the requests are overly broad and burdensome. *See Transamerica Life Ins. Co. v. Moore*, 274 F.R.D. 602, 609 (E.D. Ky. 2011) ("Generally, a discovery request is considered overly broad or unduly burdensome on its face if it (1) uses an omnibus term and (2) applies to a general category or group of documents or a broad range of information.") (cleaned up) (internal quotations and citation omitted). So the burden shifts, and Wabash now must establishing a need for the breadth of the information sought from the non-parties. *In re CareSource Mgmt. Grp.*, 289 F.R.D. at 253.

8

Wabash argues that "no facts have been presented that show these witnesses do not have the capacity to review their personal records, phones, emails, and social media to access responsive documents within their possession, custody, or control." Response at 14. Yet the requests contemplate far more than just "personal records, phones, emails, and social media" within the non-parties' "possession, custody, or control." *Id.* They include, for example, any responsive documents or "items, regardless of where located," that have ever been "seen by the witness but [are] not now in his [or her] possession, custody or control." Non-party Subpoenas at 4. Wabash argues that the EEOC must present facts showing that the non-parties would be unable to analyze the meaning of the requests, but it is Wabash's turn to provide justification. *See In re CareSource Mgmt. Grp.*, 289 F.R.D. at 253. Apart from ensuring the veracity and completeness of Hayley Knight's production in light of her auto-deleted texts, *Laethem Equip. Co. v. Deere & Co.*, No. 2:05-CV-10113, 2008 WL 11355559, at *13 (E.D. Mich. May 5, 2008) (defendant entitled to explore veracity via third-party discovery under certain circumstances), Wabash has provided little justification for this patently overbroad, non-party discovery.

As this Court has previously explained, "'[i]t is up to the party seeking discovery to draft a discovery request that complies with the applicable rules. It emphatically is not the job of the Court to correct a party's sloppy drafting or intentionally overreaching discovery requests.'" *CC Metals & Alloys, LLC v. Am. Int'l Specialty Lines Ins. Co.*, No. 5:22-CV-00055-CHB-LLK, 2025 WL 1450722, at *5 (W.D. Ky. May 20, 2025) (citing *BAT LLC v. TD Bank, N.A.*, No. 15 CV 5839 (RRM) (CLP), 2018 WL 3626428, at *6 (E.D.N.Y. July 30, 2018)[1]). Accordingly, the

---

[1] Courts have found that grossly overreaching requests constitute grounds for wholly granting a protective order. *Id.*; *Ye v. Cliff Veissman, Inc.*, No. 14-CV-01531, 2016 WL 950948, at *4 (N.D. Ill. Mar. 7, 2016) (It is "possible to imagine requests more narrowly tailored to relevant content, but it is not the Court's role to tailor or re-write the discovery requests.") (cleaned up). Here, Wabash has shown that the non-parties have communicated with Hayley Knight regarding relevant issues falling within the scope of the Requests. *See, e.g.,* Response at 10-11 (collecting examples of relevant communications between Hayley Knight and the non-parties); [DN 37-14]. And the EEOC has relied on completeness by supplementing her records with those of the non-parties, *see, e.g,* [DN 37-10] at 3.

9

Motion is **GRANTED** in part as to the scope of the requests—which shall only encompass responsive, written communications (including email, text, hand-written, and social media correspondence) **with** Hayley Knight. The requests shall not extend to communications otherwise between or among the non-parties or between the non-parties and other unnamed parties. Furthermore, discovery should not extend into communications that predate Hayley's employment at Wabash (on or about March 6, 2023).

iii.   Privilege and Privacy

The EEOC makes certain privacy arguments that partially fit the facts of this case. It cites to *Muslim Cmty. Ass'n of Ann Arbor v. Pittsfield Twp.*, No. 12-CV-10803, 2014 WL 10319321 (E.D. Mich. July 2, 2014) for the proposition that privacy interests, between Hayley Knight and her parents and partner, warrant protection from Wabash's discovery. In that case, the plaintiff sought permission to build a new school building and applied to the Pittsfield Township Board of Trustees, first through the Pittsfield Township Planning Commission, to approve the zoning request. *Id.* at *1. Non-party Davis opposed the zoning request and spoke out publicly against the plan. The plaintiff subpoenaed Davis for records and communications involving her, her neighbors, and a wide range of other persons with whom she had communications regarding her opposition to the zoning plan.

The Court found that "Davis has shown that the logical nexus between herself and the alleged injury is far too removed for the type of invasive discovery requested of her." *Id.* at *5 (emphasis in original). It also found that "Davis has no affiliation with either the Board or the

---

Because of this showing, the Court has considered Wabash's requests and engaged in limited tailoring according to the demonstrated need.

Planning Commission, and is merely a private citizen who, at most is alleged to have distributed materials which resulted in increased public opposition to [plaintiff's] application." *Id.* Additionally, the Court found that the overbroad subpoenas, which requested "all documents and correspondence between her and a wide range of entities and persons," *id.* at *4, constituted an "infringement on [Davis's] First Amendment rights" in the context of their limited and attenuated relevance, *id.* at *6.

Here, there is a direct and "logical nexus" between charging party Hayley Knight and the alleged injury in this case. *See id.* at *5. She put certain matters into dispute by filing a charge with the EEOC, which then brought this action against Wabash. The non-parties are only "one step removed" from Hayley. EEOC Memo at 1. While their connection to this matter is still somewhat attenuated, the Court has narrowed their required discovery obligations to only encompass direct, responsive communications with the charging party which may not otherwise be obtainable. *See* Non-Party Subpoenas [DNs 35-1, 2, & 3] at 5 (seeking discovery into relevant claims and defenses, such as communications regarding Hayley's employment with and resignation from Wabash, any resulting emotional distress she experienced, and her efforts to obtain new employment).[2]

---

[2] Plaintiff does not claim a privilege under the First Amendment, and it also does not articulate analogous concerns that would put these non-parties on equal footing with the non-parties in *Muslim Cmty. Ass'n of Ann Arbor*. *See* 2014 WL 10319321, at *5 (E.D. Mich. July 2, 2014) (citing *N.A.A.C.P. v. Claiborne Hardware Co.*, 458 U.S. 886, 913 (1982)) (considering third-party discovery into a private citizen's lawful actions on a matter of public debate) ("Speech concerning public affairs is more than self-expression; it is the essence of self-government. There is a profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open.") (internal quotation marks omitted). The EEOC has not presented facts or argument showing that this matter, which appears to concern limited communications on more private affairs, raises constitutional interests that were implicated in its cited caselaw, *see id; see also Perry v. Schwarzenegger,* 591 F.3d 1147 (9th Cir. 2010) (compelled disclosure of organization's internal campaign communications on strategy and advertising relating to the organization's speech about a ballot measure would have chilling effect on public speech). Courts have held that the First Amendment "may be applicable in the context of discovery orders, even if all of the litigants are private entities[,]" but even then, the party (or non-party) must at least "claim[] a First Amendment privilege[.]" *Grandbouche v. Clancy*, 825 F.2d 1463, 1466 (10th Cir. 1987).

The EEOC's other vaguely asserted arguments with respect to privacy and privilege are unavailing. *See, e.g.,* EEOC Memo at 12 (referring to the psychotherapist-patient privilege and the clergy-communicant privilege); *Robinson*, 2025 WL 48235, at *2 ("[A] party's mere statement that a request for production is overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection.") (quotations omitted); *First Fin. Bank Nat'l Ass'n v. Williams*, No. 519CV00128TBRLLK, 2021 WL 5315419, at *2 (W.D. Ky. Oct. 7, 2021) ("[M]ovant cannot demonstrate confidentiality by resting on vague and conclusory assertions.") (internal quotation marks and citation omitted).[3]

The EEOC advances other privacy arguments that appear to have more merit (although they have been mooted by the limitations discussed above, *see supra* at pages 8-9). Wabash's subpoenas seek responsive communications between Crystal and Larry Knight—Hayley's parents and lawfully wedded spouses. The subpoenas therefore implicate the marital communications privilege, which the Court must evaluate under federal law. *Babcock Power, Inc. v. Kapsalis*, No. 3:13-CV-717-DJH-CHL, 2016 WL 1717225, at *2 (W.D. Ky. Apr. 28, 2016) ("The comments to FRE 501 make clear that, in a federal question case, federally-evolved rules on privilege should apply.") (citing 1974 Comments to Fed. R. Evid. 501), *objections overruled*, No. 3:13-CV-717-CRS, 2016 WL 5478006 (W.D. Ky. Sept. 27, 2016).

"The marital communications privilege protects confidential communications made by one spouse to another during the marriage, and this privilege is assertable by either spouse." *Dodd v. Hendrickson USA, LLC*, 349 F.R.D. 286, 303 (W.D. Ky. 2025) (citing *United States v. Porter*, 986 F.2d 1014, 1018 (6th Cir. 1993)) (internal quotation marks omitted). "This privilege

---

[3] To the extent necessary, the non-parties may provide a privilege log in lieu of specific communications, *see Patti's Holding Co., LLC v. Zurich Am. Ins. Co.*, No. 5:20-CV-84-BJB, 2024 WL 1610591, at *4 (W.D. Ky. Mar. 8, 2024); however, the Court declines to enter a protective order based on categorical, non-specific privilege claims.

12

only applies to: (1) utterances or expressions intended by one spouse to convey a message to the other (2) during a marriage recognized as valid by state law (3) that was made in confidence." *Id*. "The confidentiality of communications made during a valid marriage is presumed." *Babcock Power*, 2016 WL 1717225, at *4 (citing *United States v. Byrd*, 750 F.2d 585, 590 (7th Cir. 1984)).

Communications exclusively between Crystal and Larry Knight are presumptively privileged. Ordinarily, they would be required to provide a privilege log sufficient to show that the privilege applies to their withheld communications. *Cf. Patti's Holding Co., LLC v. Zurich Am. Ins. Co.*, No. 5:20-CV-84-BJB, 2024 WL 1610591, at *4 (W.D. Ky. Mar. 8, 2024) (A "privilege log must contain enough information for the Court and opposing counsel to assess whether the privilege applies. Typically, this includes the date, author and all recipients of the document, subject matter, and an explanation as to why the document should be privileged and not produced in discovery.") (internal quotation marks and citation omitted). Because the Court has already limited the scope of discovery to communications with Hayley Knight, they will not be required to produce a privilege log.

## CONCLUSION AND ORDER

In accord with the foregoing, the Court **GRANTS** in part and **DENIES** in part the Plaintiff's Motion for Protective Order. Motion [DN 35].

- The Motion is **GRANTED** as to Request Number Eight, and the non-parties will not be required to produce records responsive to his request.

- The Motion is **GRANTED** in part as to the scope of the requests—which shall only encompass responsive, written communications **with** Hayley Knight.

13

- The Motion is otherwise **DENIED.** Plaintiff and/or the non-parties shall produce documents responsive to the remaining requests **WITHIN 30 DAYS** of service of this order. Defendant Wabash National Corporation is **HEREBY DIRECTED** to serve a copy of this order on the non-parties, or ensure that the non-parties are on notice of this Order by corresponding with the EEOC.

January 26, 2026

C. Counsel

**Lanny King, Magistrate Judge**
**United States District Court**