**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAHDIVISION**
**Case No. 5:24-cv-00148-BJB-LLK**

EQUAL EMPLOYMENT                                                      PLAINTIFF
OPPORTUNITY COMMISSION,

v.

WABASH NATIONAL                                                      DEFENDANT
CORPORATION,

## OPINION AND ORDER

This matter has been referred to Magistrate Judge Lanny King under 28 U.S.C. §

636(b)(1)(A) to hear and determine all pretrial matters. [DN 8]. Before the Court is Plaintiff's

Motion for Protective Order, Motion [DN 51], which seeks to prohibit the deposition of an

EEOC investigator. Defendant Wabash National Corporation responded, Response [DN 55], and

the time to request leave to reply has passed. The matter being ripe for review, the Court

**DENIES IN PART,** and without prejudice, the Motion for Protective Order, Motion [DN 51].

This Order shall neither prevent Defendant from formally noticing the requested deposition, nor

prevent Plaintiff from renewing their Motion after meeting and conferring with Plaintiff.


### I.    Legal Standard

District courts have broad discretion over docket control and the discovery process. *See*

*In re Air Crash Disaster*, 86 F.3d 498, 516 (6th Cir. 1996). "It is well established that the scope

of discovery is within the sound discretion of the trial court." *Lavado v. Keohane*, 992 F.2d 601,

604 (6th Cir. 1993) (citation omitted).

Rule 26(b) of the Federal Rules of Civil Procedure allows a party to obtain any

"nonprivileged matter that is relevant to any party's claim or defense...." Fed. R. Civ. P. 26(b)(1).

The discovery "need not be admissible evidence to be discoverable." *Id.* This language is broadly construed to "encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense." *Veritiv Operating Company*, 2023 WL 2975868, at *6 (internal citations omitted). However, the scope of discovery has limits. "On motion or on its own, the court must limit the frequency or extent of discovery ... if it determines that ... the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).

Generally, the party requesting production "bears the initial burden of demonstrating relevance of the information or materials requested." *Veritiv Operating Company v. Phoenix Paper Wickliffe, LLC*, NO. 5:21-CV-00170-BJB-HBB, 2023 WL 2975868, at *6 (W.D. Ky. April 17, 2023);*Gruenbaum v. Werner Enters.*, Inc., 270 F.R.D. 298, 302 (S.D. Ohio 2010); Fed. R. Civ. P. 26(b)(1), Advisory Committee's Note to 2015 Amendment ("A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them."). The party resisting production "has the burden to establish that the material either does not come within the scope of relevance or is of such marginal relevance that the potential harm resulting from production outweighs the presumption in favor of broad disclosures." *Guiden v. Leatt Corp.*, No. 5:10-CV-175-R, 2013 WL 12234612, at *2 (W.D. Ky. Apr. 30, 2013). "[W]hile the relevancy standard may be a liberal one, it is not a 'license to go fishing' with the hope that something might be discovered." *Grayiel v. AIO Holdings, LLC*, No. 3:15-CV-821-TBR-LLK, 2017 WL 11592083, at *3 (W.D. Ky. May 2, 2017).

2

"In assessing whether a discovery request is proportional, courts consider 'the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.'" *Johnson v. Evolent Health LLC*, No. 3:20-cv-601-DJH-CHL, 2021 WL 5530952, at *4 (W.D. Ky. Nov. 24, 2021) (citing Fed. R. Civ. P. 26(b)(1)).

## II.    Analysis

The EEOC alleges that Defendant Wabash failed to make reasonable accommodations for Hayley Knight's pregnancy-related limitations when she worked as a front-plate Assembler at Wabash. Complaint [DN 1]. Knight was forced to go on unpaid leave because she couldn't continue to perform her work-related duties without modification. *Id.* Wabash is charged with violating the Civil Rights Act, Americans with Disabilities Act, and Pregnant Workers Fairness Act. *Id.*

Relevant to this Motion, "Wabash National has stated it seeks to depose the Commission investigator assigned to the investigation and conciliation of Knight's charge." Motion at 1. Wabash has not provided a formal notice of deposition. The "Court will not compel production based on informal letter requests, particularly where the matter is before the Court only on a Motion for Protective Order." *Nissan N. Am., Inc. v. Johnson Elec. N. Am., Inc.*, No. 09-CV-11783, 2011 WL 1002835, at *5 (E.D. Mich. Feb. 17, 2011); *Hutson, Inc. v. Waggener*, No. 5:25-CV-00047-BJB-LLK, 2026 WL 836888, at *5 (W.D. Ky. Mar. 26, 2026). The present dispute, however, concerns whether a deposition may be prevented entirely—not particular discovery topics. For the reasons that follow, the Court will not forbid the proposed deposition,

3

to the extent the inquiry is directed at Investigator Kreiger's factual communications with witnesses and ambiguous or illegible notes.

The EEOC argues that a deposition of the investigator would, at best, relate to information that is "derivative," Memorandum in Support of Motion, Memo [DN 51-6] at 8, or of marginal relevance resulting in undue burden, *id.* at 12. Courts prohibit "inquiry into the form and substance of the EEOC's investigation and conciliation[.]" *E.E.O.C. v. Tepro, Inc.,* 38 F. Supp. 3d 883, 889 (E.D. Tenn. 2014) (citing *E.E.O.C. v. Keco Indus., Inc.*, 748 F.2d 1097, 1100 (6th Cir. 1984)).

Wabash has made clear that it does not seek this deposition for the purpose of challenging the form or sufficiency of the investigation; rather it seeks to question the investigator about communications he had with witnesses and to probe his knowledge of the relevant facts, including his recorded notes of witness interviews. Such limited depositions appear to be common and within the scope of discovery.

In *E.E.O.C. v. Kaplan Higher Educ. Corp*, the Court allowed a "deposition of an investigator designated by EEOC as to the facts the investigator learned during her investigation, but did not allow questions that invaded work product or attorney client privilege." *E.E.O.C. v. Kaplan Higher Educ. Corp.*, No. 1:10 CV 2882, 2011 WL 2115878, at *3 (N.D. Ohio May 27, 2011) (collecting cases). The court found that this line of inquiry would not clearly intrude on any protected matter, but that if an applicable privilege were implicated, it could be raised at the deposition. *Id.* at *4. Other courts in the Sixth Circuit have likewise allowed EEOC investigator depositions that are appropriately limited, since relevant, factual matters are generally within the scope of discovery. *See E.E.O.C. v. Burlington N.*, 615 F. Supp. 2d 717, 719 (W.D. Tenn.), *objections overruled sub nom.*, *E.E.O.C. v. Burlington N. & Santa Fe Ry. Co.*, 621 F. Supp. 2d

603 (W.D. Tenn. 2009); *Equal Emp. Opportunity Comm'n v. Cracker Barrel Old Country Store, Inc.*, No. 3:07-CV-376, 2009 WL 10694952, at \*3 (E.D. Tenn. Feb. 5, 2009) ("[T]opics involving the EEOC's internal investigations … shall be limited to factual matters which relate to a claim or defense in this case.")

Outside the Sixth Circuit, courts also allow such depositions when they are similarly limited to fact-based inquiries, such as information exchanged with witnesses and the meaning of ambiguous materials. *See EEOC v. Cal. Psychiatric Transitions*, 258 F.R.D. 391, 397-98 (E.D. Cal. 2009) (allowing deposition of EEOC investigator in order "to clarify ambiguities related to the factual aspects of the material"); *Equal Emp. Opportunity Comm'n v. Fry's Elecs., Inc.*, No. C10-1562RSL, 2012 WL 13175914, at \*1 (W.D. Wash. Feb. 21, 2012) (allowing deposition of EEOC investigator regarding his recollection of certain statements or facts); *Brush v. Sears Holdings Corp.*, 2010 WL 11558010, at \*2 (S.D. Fla. Sept. 2, 2010) (same). So the testimony sought here appears to be relevant.

The EEOC argues that, even if relevant, the deposition would be unduly burdensome due to Investigator Krieger's current workload. This, standing alone, is not a compelling reason for preventing a deposition entirely. *See Libertarian Party of Ohio v. Husted*, 302 F.R.D. 472, 479 (S.D. Ohio 2014) (It generally "does not matter that the proposed witness is a busy person" for purposes of discovery.) Moreover, Wabash seeks to ask a narrow range of questions. *See Fry's Elecs., Inc.,* 2012 WL 13175914, at \*1 ("Given the limited and rather perfunctory topics on which Mr. Bennett can be questioned and the EEOC's legitimate concerns regarding time away from investigative duties, Mr. Bennett's deposition will be limited[.]") And the EEOC concedes that the burden "may be slight." Memo at 13.

5

## **CONCLUSION AND ORDER**

In accord with the foregoing, the Court **DENIES IN PART** the Motion for Protective Order, Motion [DN 51]. Because neither specific deposition topics nor formal notice have been provided to the Court, this Order does not compel the proposed deposition.

July 10, 2026

C. Counsel

**Lanny King, Magistrate Judge**
**United States District Court**